

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

O-6506

Dear Sir:

Opinion No. 0-6506
Re: Authority of county auditor
with reference to approval of
purchases made by county officers
for the use of the county and to
expenditures made by certain
officers in the conduct of their
offices when said officers are
compensated on a fee basis.

We are in receipt of your recent communication requesting
the opinion of this department on the above stated matter. We
quote from your letter as follows:

"If I, as County Auditor, deem it necessary for
the proper collecting, checking and oversight of County
finances, do I have the authority to require that I
sign a requisition for County purchases?

"The practice has been for requisitions to be
signed by officer making purchase, County Judge, and
County Auditor. However question has arisen as to
whether auditor can require that he approve requisi-
tion by signing same.

"Article 1661 R. C. S. seems to cover the ques-
tion of the officers who shall sign requisition; however
it seems that such Article would not preclude the Audi-
tor's requirement of approval, in addition, if such
auditor deemed it necessary to the 'proper collec-
tion, checking and accounting (italics mine) of the

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. P. Herms, Jr.,    page 2

revenues and other funds and fees belonging to the County', as stated in Article 1656. R. C. S.

"For the 'proper . . . . accounting of the Revenues and other funds and fees belonging to the county' under Article 1656, I deem this necessary, for the simple reason that it is necessary that I verify that such funds are available for the purchase under the budget and that purchase meets other requirements of law.

"If I can not approve a purchase before same is made, then as I understand the situation, any purchase made for materials or services used by the county, can be collected for by suit whether or not such purchase conformed to budget or other requirements of law.

"It is much more practical to reject such purchase before it is made--by refusing to sign requisition therefor--than to reject same after it is made, and after such materials or services are used by the County. This is an invitation to law suits to collect the amounts of such purchases.

"Therefore, for the reasons stated above, I deem it necessary that I, as Auditor, also sign such requisitions.

"Do I, as Auditor, have the authority to require my signature on requisition, in addition to the other requirements of a requisition?

"I am not a purchasing agent.

"I shall greatly appreciate as prompt a reply as possible regarding this matter, since it is of great importance to me, and since I shall not know what course to pursue until I hear from you. No doubt you have rendered a prior opinion regarding this matter, but I fail to find same in my three volumes of opinion books."

We are informed by the State Comptroller's office that ounty officers in Waller County are compensated on the basis f fees earned by them in their official capacities. For the

Honorable W. P. Herms, Jr., page 3

purposes of this opinion we shall confine our discussion to the statutes applicable to counties operating on a fee basis.

General provisions with reference to the purchase of supplies for the use of the county are found in Articles 1638 and 1659, Vernon's Annotated Civil Statutes.

Article 1638 provides:

"Bids shall be asked for all supplies for stationery, books, blanks, records, and other supplies for the various officers for which the county is required to pay, and the purchase made from the lowest bidder, after filing said bid with the Auditor for record."

Article 1659 provides:

"Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners court, has submitted the lowest and best bid. The county auditor shall advertise for a period of two weeks in at least one daily newspaper, published and circulated in the county, for such supplies and material according to specifications, giving in detail what is needed. Such advertisements shall state where the specifications are to be found, and shall give the time and place for receiving such bids. All such competitive bids shall be kept on file by the county auditor as a part of the records of his office, and shall be subject to inspection by any one desiring to see them. Copies of all bids received shall be furnished by the county auditor to the county judge and to the commissioners court; and when the bids received are not satisfactory to the said judge or county commissioners, the auditor shall reject said bids and re-advertise for new bids. In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisitions to be approved by the commissioners court, without advertising for competitive bids."

Honorable W. P. Herms, Jr., page 4

Provisions pertaining to the purchases of certain supplies by the commissioners' court are found in Articles 2358-367, and Section 1, Article 3899b, Vernon's Annotated Civil tatutes.

Article 2358 provides:

"The commissioners court by an order entered of record, may contract as hereinafter prescribed, with some suitable person or persons to supply the county with blank books, all legal blanks and stationery as may be required by law to be furnished the county officials."

Article 2359 provides:

"The commissioners court shall advertise, at least once in every two years, for sealed proposals to furnish blank books, legal blanks, stationery and such other printing as may be required for the county for the term of such contract, and shall receive separate bids for the different classes hereinafter designated. Such advertisement shall be made by the county clerk, who shall notify by registered letter, each newspaper and job printing house in the county, and at least three stationery and printing houses in the State, of the time said contract is to be awarded, and of the probable amount of supplies needed."

Section 1, Article 3899b provides:

"There shall be allowed to County Judges, Clerks of the District and County Courts, Sheriffs, County Treasurers, Tax Assessors and Collectors, such books, stationery, including blank bail bonds and blank complaints, and office furniture as may be necessary for their offices, to be paid for on the order of the Commissioners Court out of the County Treasury; and suitable offices shall also be provided by the Commissioners Court for said officers at the expense of the county. And such books and stationery as are necessary in the performance of their duties shall also be furnished Justices of the Peace by said Commissioners Court. Provided all purchases herein must be approved by the Commissioners Court, and must be made under the provisions of Article 1659, Revised Civil Statutes of Texas, 1925."

Honorable W. P. Herms, Jr., page 5

Provisions pertaining to purchases and expenditures by county officers for _certain_ items, when said officers are compensated on a fee basis, are found in Section (a), Article 3899, Vernon's Annotated Civil Statutes, which provides in part as follows:

"At the close of each month of his tenure of office each officer named herein who is compensated on a fee basis shall make as part of the report now required by law, an itemized and sworn statement of all the actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his Deputies, premium on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses. The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor, purchase equipment for a bureau of criminal identification such as cameras, fingerprint cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment in keeping with the system in use by the Department of Public Safety of this State or the United States Department of Justice and/or Bureau of Criminal Identification. If such expenses be incurred in connection with any particular case, such statement shall name such case. Such expense account shall be subject to the audit of the County Auditor, if any, otherwise by the Commissioners' Court; and if it appears that any item of such expense was not incurred by such officer of such item was not a necessary expense of office, such item shall be by such auditor or court rejected, in which case the collections of such item may be adjudicated in any court of competent jurisdiction. The amount of salaries paid to Assistants and Deputies shall also be clearly shown by such officer, giving the name, position and amount paid each; and in no event shall any officer show any greater amount than actually paid any such Assistant or Deputy. The amount of such expenses, together with the amount of salaries paid to Assistants, Deputies and Clerks shall be paid out of the fees earned by such officer. . ."

In Opinion No. O-1753 this department passed upon questions relative to the interpretation of statutes pertaining to

Honorable W. P. Herms, Jr., page 6

the manner and method of purchases by county officers for the use of the county and upon expenditures authorized to be made by certain county officers in the conduct of their offices. We are enclosing a copy of said opinion for your convenience. Said opinion held that Articles 1638 and 1659 were general statutes applicable to the purchase of supplies, and that Articles 2358, 2359, Section 1, Article 3899b, and Section (a) Article 3899, supra, were specific statutes relating to the subject of purchase of certain supplies and the making of certain expenditures. It was further pointed out in said opinion that where there is a general statute dealing with the subject, and at the same time special statutes relating to a portion of the same subject in a more definite way, the correct rule of statutory construction in such cases is stated in the opinion of Ex parte Townsend 144 S. W. 628, 641, as follows:

> "It is also well established that, where one statute deals with the subject in comprehensive terms and another statute deals with a portion of the same subject in a more definite way, the two should be read together, if possible, with the view to giving effect to a consistent legislative policy. However, if there is any necessary conflict between two such laws, the special will prevail over the general statute. Where the special statute is plainer, it will be regarded as exception to, or qualification of, the prior general one, and, when the general act is later, the special will be construed as remaining an exception to its terms, unless it is repealed in express words or by implication. Cyc. 36, 1151; Rodgers v. United States, 185 U. S. 83, 22 Sup. Ct. 582, 46 L. Ed. 816; Rosentrans v. U. S., 165 U. S. 257, 17 Sup. Ct. 302, 41 L. Ed. 708; Lazondy v. Smithey, 151 Mo. App. 285, 131 S. W. 708."

The opinion further pointed out that Section (a) of Article 3899, supra, contemplated the purchase of the items enumerated by the officers of the county as shown by the requirement that all of such purchases or expenditures must be approved by the county auditor, if any, or otherwise by the commissioners' court. Also, in this connection we call your attention to the fact that Article 3891, Vernon's Annotated Civil Statutes, specifically provides for the payment of the expenses authorized under Article 3899 by the officer himself. Said opinion further held that the purchase of legal blanks, stationery and similar supplies by the commissioners' court of the county itself, is

Honorable W. P. Herms, Jr.,   page 7

controlled by the provisions of Articles 2358-2367, and Section 1, Article 3899b, as to the manner of such purchases and the manner of effecting competitive bids thereunder; and further that the emergency provisions of Article 1659 are applicable to purchases by the commissioners' court of such supplies; and that the purchase of certain supplies by the county officers who are compensated on a fee basis is controlled by Section (a) of Article 3899, supra, requiring such purchases to be subject to the audit of the county auditor, if any, otherwise by the commissioners' court.

Thus, under our statutes, in a county operating on a fee basis, there are three general classifications of purchases:

(1) Those purchases made under contract by the commissioners' court, after the advertising for bids as provided by law;

(2) Emergency purchases (not in excess of $150.00) made by requisition approved by the commissioners' court as authorized under Article 1659; and

(3) Certain purchases and expenditures by county officers authorized to be paid out of their fees of office.

Where supplies have been purchased under contract by the commissioners' court or under emergency requisitions authorized by the commissioners' court, the functions of the county auditor with respect to such purchases are defined in Articles 1660 and 1661, Vernon's Annotated Civil Statutes. Under the provisions of said Articles the County Auditor's function is to examine "all claims, bills and accounts against the county" (Art. 1660) and "he shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, unless, in addition to other requirements of law, there is attached thereto a requisition signed by the officer ordering same and approved by the county judge. Said requisition must be made out and signed and approved in triplicate by the said officers, the triplicate to remain with the officer desiring the purchase, the duplicate to be filed with the county auditor, and the original to be delivered to the party from whom said purchase is to be made before any purchase shall be made." (Art. 1661.)

Honorable J. P. Herms, page 8

With reference to the matter of requisitions, Article 1661 clearly states that requisitions are to be signed by the officer making the purchase and approved by the county judge. We find no authority for the county auditor to require, as a prerequisite to approval of a claim based on such purchase, that the requisition shall be signed or approved by him when the purchase is made.

Section (a) of Article 3899, Vernon's Civil Statutes, supra, authorizes expenditures for expenses incurred by county officials who are compensated on the fee basis in the conduct of their offices, such as stationery, stamps, telephone, premiums on officials' bonds, including the cost of surety bonds for his deputies, premiums on fire, burglary, theft, robbery insurance protecting public funds, traveling expenses and other necessary expenses subject to the audit of the county auditor, if any, otherwise by the commissioners' court, and if it appears that any item of such expense was not incurred by such officer or such item was not a necessary expense of office, such item shall be by such auditor or court rejected, in which case the collections of such item may be adjudicated in any court of competent jurisdiction. The amount of such expenses shall be paid out of the fees earned by such officer. With reference to such items of expense incurred by county officers, we find no authority for the county auditor to require his approval of such item of expense at the time such expense is incurred, as a prerequisite to his approval of an officer's expense account. The county auditor's function is to audit such expense account, after the report has been submitted by the officer, to determine whether such items of expense have been actually incurred and are necessary in the legal conduct of such office.

Although the county auditor has general oversight over the finances of the county, the exercise of such oversight with reference to purchases made and expenses incurred for the use of the county or by certain officers in the conduct of their offices, is defined and controlled by the specific provisions of the statutes pertaining to such purchases and expenses. In view of the foregoing and in view of the facts given, it is the opinion of this department that the county auditor is not authorized to require, as a prerequisite to his approval of a claim or items of expense, that all requisitions for such purchases or expense items shall be signed or approved by him at the time the purchase is made or the expense is incurred.

We trust that the foregoing fully answers your inquiry.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

J. A. Ellis
Assistant

JAE:LJ
encl.

APPROVED MAR 1945

APPROVED OPINION COMMITTEE BY CHAIRMAN